# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| JOHN B. FINNEY, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | C.A. No. 5:02-CV-468 (DF) |
| | : | |
| BIBB COUNTY PUBLIC | : | |
| SCHOOLS, ET AL., | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

Before this Court are Defendant's Motion in Limine and Supplemental Motion in

Limine.  (Doc. #'s 48, 55.)  For the reasons set forth below, the Court grants Defendant's

Motions in part and reserves ruling on them in part.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff John B. Finney originally sued Sharon Patterson, Rochelle Simms, Dennis

Staten and Bibb County Public Schools ("Bibb")[1], alleging various counts of race

discrimination, gender discrimination, First Amendment free speech violations and

---

[1] The Court will refer to Defendants collectively as "Bibb," because they responded jointly on appeal and in their Motions in Limine, and because, as noted by the Eleventh Circuit, suits against individuals in their official capacities are deemed to be suits against the entity that employs them.  <u>See</u> <u>Finney v. Bibb Co. Public Schools</u>, 132 Fed. Appx. 823 (11th Cir. 2005) (citing <u>Hobbs v. Roberts</u>, 999 F.2d 1526, 1530 (11th Cir. 1993)).  The Court also notes that Defendant's Motions in Limine assert that "Bibb County School District" is the proper title for said Defendant, and that "Bibb County Public Schools" is an erroneous identification by Plaintiff.

employment discrimination.  The factual background relating to Plaintiff's employment history and complaints against Defendant has been described at length elsewhere (Order of July 2, 2004, Doc. # 38, at 2-12; Order of April 5, 2005, Doc. # 45, at 2-7), and this Court adopts these summaries as accurate and complete.  On July 2, 2004, the U.S. District Court for the Middle District of Georgia granted summary judgment in favor of all Defendants on all issues.[2]  Plaintiff appealed two issues to the Eleventh Circuit, arguing the district court erred in finding that (1) he failed to make a prima facie case for retaliation under Title VII against Bibb, and  (2) he failed to raise a genuine issue of material fact concerning his First Amendment claims.  The Eleventh Circuit vacated and remanded the district court's judgment on Plaintiff's retaliation claim but affirmed the grant of summary judgment on his free speech claim.

Subsequently, Defendant filed a Motion in Limine and a Supplemental Motion in Limine objecting to the introduction of evidence and testimony regarding a number of matters which it asserts are no longer relevant to the case given the Eleventh Circuit decision, and/or which constitute unfair prejudice to Defendant regardless of any limited probative value they may possess.  These objections include any evidence or testimony regarding: (1) Plaintiff's allegations that he was discriminated against based on his race or gender; (2) Plaintiff's allegations that his First Amendment right to free speech was violated when he called a board member and reported that a white male parent battered an African

---

[2] The Honorable Wilbur D. Owens, Jr. presided over the case during this proceeding.

American custodian at Alexander II Magnet School; (3) Plaintiff's allegations that he was retaliated against in 1999 by being transferred from his position as head custodian at the Alternative School to a custodian with the central crew; (4) Plaintiff's allegations that Dr. Rochelle Simms was transferred to Alexander II for the purposes of harassing Plaintiff; (5) Plaintiff's allegations that he was required to perform "dangerous" job tasks; (6) any of the underlying facts of allegations involved in Plaintiff's prior Complaint of sexual harassment against James Hodges; (7) any of the underlying facts or allegations involved in the "Brenda Taylor case" other than the fact that Plaintiff gave testimony in support of a plaintiff against the School District in 1999; (8) any testimony or evidence relating to James Hodges and any allegations of inappropriate behavior on his part other than as it directly relates to Plaintiff's claim that Hodges sexually harassed him; (9) any testimony by Nancy P. Gilbert; 10) any testimony by James Hodges for any purpose other than to testify as to Plaintiff's job performance; (11) any testimony by Brenda Taylor;  (12) any testimony by John Thomas; (13) any testimony by Vickie Scott; (14) any testimony by Janice Rainey-Whitby; and (15) any mention of Plaintiff's current involvement as a party in the matter of Allen et al. v. Board of Public Education for Bibb County.[3]

     Plaintiff's Response to Defendant's original Motion in Limine was due June 30, 2005; his Response to Defendant's Supplemental Motion in Limine was due July 18, 2005. Plaintiff never filed a Response to either of Defendant's Motions.

---

[3] The Honorable Wilbur D. Owens, Jr. is presiding over this case.

3

## II.     ANALYSIS

### A.     Federal Rules of Evidence 401, 402 and 403

The Federal Rules of Evidence govern the Court's decision making process regarding Defendant's Motions in Limine.  "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Furthermore, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules proscribed by the Supreme Court pursuant to statutory authority."  Fed. R. Evid. 402. However, "[e]vidence which is not relevant is not admissible."  Id.  Finally, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  In conclusion, the Court notes that a "district court possesses broad discretion in determining the admissibility of evidence, and [an appellate] court will not disturb its rulings absent a clear showing of an abuse of discretion."  Watkins v. Bowden, 105 F.3d 1344, 1352 n.16 (11th Cir. 1997).

### B.     Defendant's Motions in Limine

#### 1.     Plaintiff's Allegations That He Was Discriminated Against Based on His Race or Gender

Defendant objects to the introduction of any evidence or testimony regarding

4

Plaintiff's contentions that he was discriminated against by Defendant because of his race or gender.  Defendant correctly recognizes that this Court has already dismissed these claims, and that Plaintiff did not appeal their dismissal.  (Defendant's Supplemental Motion in Limine, Doc. # 55, at 2.)  As such, these allegations are no longer part of the lawsuit—any mention of them would be irrelevant to Plaintiff's remaining claim and would only serve to mislead and confuse the jury and to waste time, in violation of Federal Rules of Evidence 401, 402, 403.  Accordingly, Defendant's request is granted and all discussion of these claims is excluded.

> 2.    Plaintiff's Allegations That His First Amendment Right to Free Speech Was Violated When He Called a Board Member and Reported That a White Male Parent Battered an African American Custodian at Alexander II Magnet School

Defendant objects to any attempt by Plaintiff to introduce evidence or testimony relating to his First Amendment claim that was dismissed by this Court's Order Granting the Defendants Summary Judgment and the dismissal of which was affirmed by the Eleventh Circuit.  (Defendant's Supplemental Motion in Limine, Doc. # 55, at 2-3.) Similarly to Plaintiff's allegations that he was discriminated against based on race or gender, this claim is no longer a part of this suit.  Therefore, any mention of this defunct First Amendment claim would be irrelevant and potentially confuse the remaining issue before the Court.  See Fed. R. Evid. 401, 402, 403.  Defendant's request is granted and any discussion of this claim is excluded.

3.     Plaintiff's Allegations That He Was Retaliated Against in 1999 by Being Transferred from His Position as Head Custodian at the Alternative School to a Custodian with the Central Crew

Defendant objects to any testimony or evidence regarding Plaintiff's claim that his transfer from his position as Head Custodian at the Alternative School to custodian with the Central Crew was in retaliation for Plaintiff's engaging in protected activities, specifically his filing a lawsuit against Bibb and his supporting Brenda Taylor's lawsuit against Bibb. To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in protected activity, (2) he suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action.  Bass v. Bd. of County Comm'rs, Orange County, Fla., 256 F.3d 1095, 1117 (11th Cir. 2001).  Examining the meaning of an "adverse employment action," the Eleventh Circuit has held that

> An adverse employment action is an ultimate employment decision, such as discharge or failure to hire, or other conduct that alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee.  Conduct that falls short of an ultimate employment decision must meet some threshold level of substantiality to be cognizable under the anti-retaliation clause of Title VII.  While not everything that makes an employee unhappy is an actionable adverse action, conduct that alters an employee's compensation, terms, conditions, or privileges of employment does constitute an adverse action under Title VII.

Id. at 1118 (citations and quotation marks omitted).

However, the only "adverse employment action" Plaintiff has alleged[4] was his

_____

[4] Defendant's confusion on this point is understandable, given the shotgun nature of Plaintiff's Complaint and deposition.

termination in 2002.  (Plaintiff's Brief In Support of Response to Motion for Summary

Judgment, Doc. # 25, at 18-19; Brief for Appellant, at 30-39.)  Any discussion of Plaintiff's

1999 transfer is irrelevant and could potentially mislead and confuse the jury.  See Fed. R.

Evid. 401, 402, 403.  Therefore, it should be excluded.[5]

    4.    Plaintiff's Allegations That Dr. Rochelle Simms Was Transferred to
Alexander II for the Purposes of Harassing Plaintiff

Defendant objects to any evidence or testimony regarding the allegation that

Dr. Rochelle Simms was transferred to Alexander II "for the purpose of harassing Plaintiff."

----

[5] Even were Plaintiff to allege his transfer was an adverse employment action, any discussion of this incident would necessarily be barred as irrelevant.  Retaliation claims under Title VII must be timely, and this claim is not.  Claims under Title VII can only be made for adverse employment actions which occurred within 180 days of the filing of an EEOC charge.  United Airlines v. Evans, 431 U.S. 553, 558 (1977).  Plaintiff filed his EEOC charge on September 13, 2002; his termination occurred within 180 days of his EEOC charge, therefore his lawsuit on this point is timely.  However, his transfer occurred in 1999, and other alleged incidents can only be brought within the 180-day period if they are deemed continuing violations.  In Beavers v. American Cast Iron Pipe Co., 975 F.2d 792 (11th Cir. 1992), the Eleventh Circuit Court of Appeals held that "[w]here an employee charges an employer with continuously maintaining any illegal employment practice, he may file a valid charge of discrimination based upon that illegal practice until 180 days after the last occurrence of an instance of that practice."  Id. at 796 (quoting Gonzales v. Firestone Tire & Rubber Co., 610 F.2d 241, 249 (5th Cir. 1980)).  By contrast, "where the employer engaged in a discrete act of discrimination more than 180 days prior to the filing of a charge with the EEOC by the employee," the act is not seen as continuing.  Id.  Courts in the Eleventh Circuit have applied three, non-exhaustive factors to help determine whether a violation should be viewed as continuing.  See Clark v. City of Macon, Ga., 860 F.Supp. 1545, 1550 (M.D. Ga. 1994).  "Courts should consider (1) the subject matter, whether the acts involve similar types of discrimination; (2) the frequency, whether the acts are isolated incidents; and (3) the degree of permanence, is the act likely to trigger the employee's awareness of and duty to assert her rights."  Id.  A consideration of these three factors leads the Court to conclude that Plaintiff's transfer was a isolated incident, which had no significant degree of permanence.  The transfer was separated by a considerable time, nearly three years, from his termination.  Additionally, there was no "permanent adverse" impact of the transfer, as it was also only a temporary change in title, and Plaintiff thereafter was promoted again to head custodian and received a pay raise.  Plaintiff has failed to establish a pattern of continuing violations, nor does the record indicate that he could.  Therefore, this claim cannot be timely.

As stated above, to establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in protected activity, (2) he suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action.  Bass, 256 F.3d at 1117.  Furthermore, to be considered an adverse employment action, an action must be an ultimate employment action, such as a termination or demotion, or it must meet some threshold level of substantiality.  See Stavropoulos v. Firestone, 361 F.3d 610, 617 (11th Cir. 2004).  The conduct Plaintiff complains about, Simms' transfer, is not an ultimate employment action, so the Court must ask whether it rose to the level of substantiality.  Id.  The Eleventh Circuit has characterized the threshold of "the level of substantiality" as "requiring the employment action to be objectively serious and tangible enough to alter the employee's compensation, terms, conditions, or privileges of employment."  Id. (quoting Gupta v. Fla. Bd. of Regents, 212 F.3d 571 (11th Cir. 2000)) (quotations omitted).

Even assuming that Bibb transferred Simms to harass Plaintiff, an accusation for which there is no evidence in the record[6], the Court finds that this move does not rise to the level of substantiality to constitute an adverse employment action.  Simms' transfer is irrelevant to the matter at hand and testimony or evidence regarding it could surely mislead

_____

[6] The Court notes that Plaintiff has provided no evidence that Simms was transferred to Alexander II to harass him beyond his original bare assertion that this was the case.  Furthermore, when asked during his deposition why he thought Simms had been transferred, he responded "I don't know why she was transferred because that's between her boss and superintendent, you know."  (Plaintiff Depo., Doc. # 15, at 41.)

and confuse the jury.  See Fed. R. Evid. 401, 402, 403.  As such, discussion of this matter is excluded.

     5.     Plaintiff's Allegations That He Was Required to Perform "Dangerous" Job Tasks

Defendant objects to any testimony or evidence regarding Plaintiff's allegations that he was retaliated against by being asked to perform"dangerous" job tasks, such as being asked to chase a squirrel out of the building, to retrieve a ball from the roof and to hang a banner.  Even assuming Plaintiff was, in fact, asked to perform them[7], these tasks are not objectively "serious and tangible enough" to alter Plaintiff's "compensation, terms, conditions, or privileges of employment, deprive him of employment opportunities or adversely affect his status as an employee."  Bass, 256 F.3d at 1118.  Therefore, these tasks do not represent an adverse employment action and are irrelevant to the case at hand.  For this reason, and because allowing Plaintiff to develop this line of testimony would also only delay the trial and mislead the jury, any discussion of this matter is excluded.  See Fed. R. Evid. 401, 402, 403.

     6.     Any of the Underlying Facts of Allegations Involved in Plaintiff's Prior Complaint of Sexual Harassment Against James Hodges

Defendant objects to any introduction of testimony or evidence regarding the

---

[7] As observed by this Court in its Order Granting the Defendants Summary Judgment, "Dr. Simms did not recall asking Finney to chase squirrels or retrieve balls but noted that would have been in his job description to perform those tasks.  She did recall asking him to help her hang a banner and that he had refused to do so.  She eventually had two teachers hang the banner.  Superintendent Patterson also noted that if any school administrator asked Finney to perform these types of tasks it would have been in his job description to do so."  Order of July 2, 2004, Doc. # 38. at 11 n.33.

content of Plaintiff's prior complaint of sexual harassment against James Hodges.

Defendant is, however, willing to stipulate that Plaintiff made an internal allegation of

sexual harassment in 1999 and filed an EEOC Charge of Discrimination in 2000, and that

both of these actions constitute protected activities for purposes of a retaliation claim under

Title VII.  (Defendant's Supplemental Motion in Limine, Doc. # 55, at 6.)  The Court agrees

with Defendant that any discussion of Plaintiff's prior complaint, beyond the

aforementioned stipulated information, would be irrelevant to the current matter before the

Court, could potentially constitute unfair prejudice against Defendant and thus should be

excluded.  See Fed. R. Evid. 401, 402, 403.

> 7.      Any of the Underlying Facts or Allegations Involved in the "Brenda
>         Taylor Case" Other Than the Fact That Plaintiff Gave Testimony in
>         Support of a Plaintiff Against the School District in 1999

Defendant objects to any evidence or testimony concerning the nature of the

claims brought in Brenda Taylor's prior case against James Hodges.  However, Defendant is

willing to stipulate that Plaintiff testified on behalf of a plaintiff in a 1999 lawsuit against

Bibb.  (Defendant's Supplemental Motion in Limine, Doc. # 55, at 6-7.)  The Court agrees

with Defendant that any discussion of Taylor's prior complaint, beyond the aforementioned

stipulated information, would be irrelevant to the current matter before the Court, could

potentially constitute unfair prejudice against Defendant and thus should be excluded. See

Fed. R. Evid. 401, 402, 403.

8.     Any Testimony or Evidence Relating to James Hodges and Any Allegations of Inappropriate Behavior on His Part Other Than as It Directly Relates to Plaintiff's Claim That Hodges Sexually Harassed Him

Defendant objects to any evidence or testimony regarding alleged inappropriate behavior on the part of James Hodges, including but not limited to allegations of additional sexual harassment by Hodges or information regarding Hodges' financial transactions.  Again, Defendant is willing to stipulate that Plaintiff made an internal allegation of sexual harassment against Hodges in 1999 and filed an EEOC Charge of Discrimination in 2000, and that both of these actions constitute protected activities for purposes of a retaliation claim under Title VII.  (Defendant's Supplemental Motion in Limine, Doc. # 55, at 6, 7.)   The Court agrees with Defendant that any additional discussion of allegations against Hodges, beyond the aforementioned stipulated information, would be irrelevant to the current matter before the Court, could potentially constitute unfair prejudice against Defendant and thus should be excluded.  See Fed. R. Evid. 401, 402, 403.

9.     Any Testimony by Nancy P. Gilbert

Defendant objects to Plaintiff's calling Nancy P. Gilbert, the EEOC Investigator for Plaintiff's September 2002 discrimination charge, to testify on the grounds that she "would be unable to offer any probative, non-hearsay testimony."  (Proposed Pretrial Order, Doc. # 53, at 13.)  However, the record is devoid of any indication about what Gilbert's potential testimony might be, and Plaintiff failed to respond to either of Defendant's Motions.  Therefore, the Court cannot determine at this time what potential

probative value Gilbert's testimony may have, if any, or whether it might be hearsay or not. The Court will not grant Defendant's motion to exclude Gilbert's testimony altogether but instead will preserve a ruling on this issue until the Pre-Trial Conference in this case, currently scheduled for November 14, 2005.

> 10.   Any Testimony by James Hodges for Any Purpose Other Than to Testify as to Plaintiff's Job Performance

Defendant objects to Plaintiff's calling James Hodges as a witness for any purpose other than to testify as to Plaintiff's job performance.  Defendant bases this objection both on a concern that Plaintiff will attempt to retry the "Brenda Taylor case" and because Hodges has not been employed by Bibb since June of 2000, and therefore would have no evidence to offer regarding any alleged retaliation by Bibb against Plaintiff. (Proposed Pretrial Order, Doc. # 53, at 13.)  As discussed above, the Brenda Taylor case is not the matter before the Court,  it is irrelevant and testimony or evidence regarding it would be potentially confusing to the jury.  As such, this matter will be excluded.  See Fed. R. Evid. 401, 402, 403.  However, the Court is not willing to order a complete restriction on Hodges' testimony at this point, since the record and Plaintiff's silence leave the Court unable to discern what other potentially relevant and admissible testimony he might have to offer.  Thus, the Court will not grant Defendant's motion to restrict Hodges' testimony completely, but instead will preserve a ruling on this issue until the Pre-Trial Conference in this case, currently scheduled for November 14, 2005.

11.   Any Testimony by Brenda Taylor

Defendant objects to Plaintiff's calling Brenda Taylor as a witness for any purpose.  Defendant bases this objection both on a concern that Plaintiff will attempt to retry the "Brenda Taylor case" and because Taylor has not been employed by Bibb since September 30, 1998, and therefore would have no evidence to offer regarding any alleged retaliation by Bibb against Plaintiff.  (Proposed Pretrial Order, Doc. # 53, at 13.)  As discussed above, the Brenda Taylor case is not the matter before the Court, it is irrelevant and testimony or evidence regarding it would be potentially confusing to the jury.  As such, this matter will be excluded.  See Fed. R. Evid. 401, 402, 403.  However, the Court is not willing to order a complete restriction on Taylor's testimony at this point, since the record and Plaintiff's silence leave the Court unable to discern what other potentially relevant and admissible testimony she might have to offer.  Thus, the Court will not grant Defendant's motion to exclude Taylor's testimony completely, but instead will preserve a ruling on this issue until the Pre-Trial Conference in this case, currently scheduled for November 14, 2005.

12.   Any Testimony by John Thomas

Defendant objects to Plaintiff's calling John Thomas to testify on the grounds that he was solely involved in supporting Brenda Taylor during her 1999 lawsuit and would be unable to offer any relevant testimony on that matter at hand.  (Proposed Pretrial Order, Doc. # 53, at 13.)  However, the record is devoid of any indication about what Thomas' potential testimony might be, and Plaintiff failed to respond to either of Defendant's

Motions.  Therefore, the Court cannot determine at this time what potential relevance Thomas' testimony may have, if any, or whether it might constitute unfair prejudice or not. The Court will not grant Defendant's motion to exclude Thomas' testimony altogether but instead will preserve a ruling on this issue until the Pre-Trial Conference in this case, currently scheduled for November 14, 2005.

13.    Any Testimony by Vickie Scott

Defendant objects to Plaintiff's calling Vickie Scott to testify on the grounds that the only relevant information she could offer would be that Plaintiff had written to her in May of 1999 alleging that James Hodges sexually harassed him.  (Proposed Pretrial Order, Doc. # 53, at 13-14.)  Defendant does not dispute that Plaintiff made this complaint, and argues therefore that Scott has no further relevant evidence to present to the jury. However, the record is devoid of any indication about what Scott's potential testimony might be, and Plaintiff failed to respond to either of Defendant's Motions.  Therefore, the Court cannot determine at this time what potential relevance Scott's testimony may have, if any, or whether it might constitute unfair prejudice or not.  The Court will not grant Defendant's motion to exclude Scott's testimony altogether but instead will preserve a ruling on this issue until the Pre-Trial Conference in this case, currently scheduled for November 14, 2005.

14.    Any Testimony by Janice Rainey-Whitby

Defendant objects to Plaintiff's calling Janice Rainey-Whitby to testify on the

grounds that she was only mentioned in Plaintiff's deposition in connection with an unrelated crossing guard issue, and she can offer no relevant testimony to the matter at hand. (Proposed Pretrial Order, Doc. # 53, at 14.)  However, the record is devoid of any indication about what Rainey-Whitby's potential testimony might be, and Plaintiff failed to respond to either of Defendant's Motions.  Therefore, the Court cannot determine at this time what potential relevance Rainey-Whitby's testimony may have, if any, or whether it might constitute unfair prejudice or not.  The Court will not grant Defendant's motion to exclude Rainey-Whitby's testimony altogether but instead will preserve a ruling on this issue until the Pre-Trial Conference in this case, currently scheduled for November 14, 2005.

    15. Any Mention of Plaintiff's Current Involvement as a Party in the Matter of <u>Allen et al. v. Board of Public Education for Bibb County</u>

   Defendant objects to any mention by Plaintiff of his involvement in <u>Allen et al. v. Board of Public Education for Bibb County</u>, 5:03-cv-0258, an unrelated wage and hour lawsuit pending in this Court against Bibb.  Defendant correctly asserts that these two matters are wholly unrelated, and therefore Plaintiff is ordered not to mention the <u>Allen</u> case because it is irrelevant to his Title VII retaliation case and could serve to prejudice, distract and confuse the jury.  <u>See</u> Fed. R. Evid. 401, 402, 403.

### III.   CONCLUSION

The Court grants Defendant's Motions in Limine (Doc. #'s 48, 55) in part and reserves ruling on them in part.  Let judgment be entered accordingly.

SO ORDERED, this the 5th day of October, 2005.

<u>/s/  Duross Fitzpatrick</u>
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/pdl

16