## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| JOHN B. FINNEY, | : | |
| | : | |
| **Appellant,** | : | |
| | : | |
| vs. | : | C.A. No. 5:02-CV-468 (DF) |
| | : | |
| BIBB COUNTY PUBLIC | : | |
| SCHOOLS, ET AL., | : | |
| | : | |
| **Appellee.** | : | |

## ORDER

Before this Court is Appellee's Motion to Order the Appellant to Order Additional

Parts of the Transcripts as Designated by the Appellee.  (Doc. # 91.)  For the reasons set

forth below, the Court denies Appellee's Motion and sua sponte orders a supplementation of

the record, with the costs to be equally assessed between the parties.

### I.      FACTS AND PROCEDURAL HISTORY

On January 27, 2006, a jury returned a verdict against John B. Finney ("Finney"),

who had pursued a suit against Bibb County Public Schools ("Bibb").  (Doc. # 77.)

Judgment was entered on February 7, 2006.  (Doc. # 78.)  Finney proceeded to file a Notice

of Appeal on February 28, 2006.[1]  (Doc. # 79.)  Finney then ordered a partial transcript of

---

[1] Per the Local Rules of the Court, documents are considered filed on the date they are received by the Clerk of the Court through the CM/ECF electronic filing system.  Finney electronically filed his unsigned Notice of Appeal in this case on February 28, 2006.  Despite the date "February 27, 2006," which he typed onto this document and subsequent ones, the Court considers his Notice of Appeal as

the trial testimony on March 9, 2006 (Doc. # 91, Exhibit A), and, on March 14, 2006, filed

and served on Bibb a statement of the issues he intends to present on appeal as well as a

designation of those parts of the transcript he had ordered.  (Doc. # 91, Exhibit B).  Bibb

responded by designating to Finney the additional parts of the record it considered necessary

on March 17, 2006.  (Doc. # 91, Exhibit C.)  Finally, Bibb filed the present Motion (Doc.

# 91) with the Court on April 25, 2006, moving the Court to order Finney to order these

additional parts of the transcript pursuant to Federal Rule of Appellate Procedure 10(b).

## II.    ANALYSIS

### A.    Federal Rule of Appellate Procedure 10

Federal Rule of Appellate Procedure 10 governs the process by which the record on

appeal is generated.  The first duty and deadline described therein apply to the appellant,

who "[w]ithin 10 days after filing the notice of appeal . . . must . . . (A) order from the

reporter a transcript of such parts of the proceedings not already on file as the appellant

considers necessary . . . or (B) file a certificate stating that no transcript will be ordered."

Fed. R. App. P. 10(b)(1).  Next, the Rule states that "[u]nless the entire transcript is ordered:

the appellant must, within the 10 days provided in Rule 10(b)(1), file a statement of the

issues that the appellant intends to present on the appeal and must serve on the appellee a

copy of both the order or certificate and the statement." Fed. R. App. P. 10(b)(3)(A).  Then,

"if the appellee considers it necessary to have a transcript of other parts of the proceedings,

---

filed on February 28, 2006, and will calculate relevant dates herein accordingly.

the appellee must, within 10 days after the service of the order or certificate and the

statement of the issues, file and serve on the appellant a designation of additional parts to be

ordered." Fed. R. App. P. 10(b)(3)(B).  Thereafter, "unless within 10 days after service of

that designation the appellant has ordered all such parts, and has so notified the appellee, the

appellee may within the following 10 days either order the parts or move in the district court

for an order requiring the appellant to do so." Fed. R. App. P. 10(b)(3)(C).

In addition, Federal Rule of Appellate Procedure 10(e)(1) provides that, "[i]f any

difference arises about whether the record truly discloses what occurred in the district court,

the difference must be submitted to and settled by that court and the record conformed

accordingly." Fed. R. App. P. 10(e)(1).  Thus, if any difference arises concerning the record

in the district court, that difference shall be submitted to and settled by the district court, the

court in which the record was made.

### B.    Application

#### 1.    Federal Rule of Appellate Procedure 10(b)

In the case at hand, Finney filed a Notice of Appeal on February 28, 2006,

after which he had ten days within which to order a transcript of the trial, per Federal Rule

of Appellate Procedure 10(b)(1).  Finney ordered a transcript of the trial testimony on March

9, 2006, seven days later, in a timely fashion.  Because this request was only for a partial

transcript, Finney was obligated by Federal Rule of Appellate Procedure 10(b)(3)(A) to file

and serve on Bibb a statement of the issues he intended to present on appeal and a

designation of those parts of the transcript he had ordered within the same ten day window.

Finney did so properly, filing the required statement and designation on March 14, 2006,

exactly ten days after February 28, 2006.[2]

The obligation then shifted to Bibb to designate to Finney the additional parts of the

record it considered necessary within the next ten days, per Federal Rule of Appellate

Procedure 10(b)(3)(B).  Bibb did so, a mere three days later, on March 17, 2006.  (Doc. #

91, Exhibit C.)  Finney had ten days after service of that designation, or until March 31,

2006, during which he could order all such parts and so notify Bibb.  Finney did neither,

which entitled Bibb, pursuant to Federal Rule of Appellate Procedure 10(b)(3)(C), to order

the parts itself or move in the district court for an order requiring the appellant to do so.

Bibb had ten days to pursue either course—until April 14, 2006.  However, Bibb waited

until April 25, 2006 to file the present Motion (Doc. # 91), moving the Court to order Finney

to order the additional parts of the transcript in question.[3]

Because Bibb waited more than 20 days after service of designation to Finney to

move in the Court for an order requiring Finney to order the parts of the transcript in

question, the Court finds Bibb's motion is untimely.  Accordingly, Bibb's Motion is denied.

### 2.      Federal Rule of Appellate Procedure 10(e)

---

[2] Per Federal Rule of Civil Procedure 6(a), "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation."  Fed. R. Civ. P. 6(a).

[3] Bibb notes that it "reminded counsel for Appellant that he was to order the additional transcript parts via a telephone conference on April 10, 2006."  (Doc. # 91 at 3.)  Despite what Bibb may have considered an effort to be courteous on its part, this call is irrelevant to the issue at hand—whether Bibb ordered the parts or moved the Court for an order within the requisite time frame.

Despite the Court's conclusion that Bibb's Motion was untimely filed to

constitute a proper motion under Rule 10(b)(3)(C), the Court deems it sufficient to raise a

question of whether the record truly discloses what occurred in the district court.  Pursuant

to Rule 10(e)(1), the Court must settle this dispute and conform the record accordingly.

Having considered Bibb's argument, the Court agrees that it is necessary to have a transcript

of the entire pre-trial and trial proceedings as part of the record on Appeal for a panel of

judges to fully comprehend the background and rationale of the Court's rulings that are a

basis of Finney's appeal.  Therefore, the Court orders a supplemental record be certified and

forwarded to the United States Court of Appeals for the Eleventh Circuit that includes:

(1) June 8, 2005 status conference,[4]

(2) December 19, 2005 pretrial conference,

(3) January 13, 2006 pretrial conference,

(4) January 23, 2006 in-chambers conference,

(5) January 23, 2006 opening statements by Finney,

(6) January 23, 2006 opening statements by Bibb,

(7) January 27, 2006 closing statements by Finney,

(8) January 27, 2006 closing statements by Bibb.

Finally, as is the custom of the Court, the cost of the transcript will be taxed equally

---

[4] This conference took place before the Honorable Judge Wilbur D. Owens, Jr.—all of the other proceedings occurred before the undersigned Honorable Duross Fitzpatrick.

to both parties.[5]

### III.   CONCLUSION

Let judgment be entered accordingly.

SO ORDERED, this the 5th day of May, 2006.


/s/  **Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT


DF/pdl

---

[5] This cost sharing is especially appropriate in the case at hand, where Appellant should have requested these transcript portions initially or when prompted to do so by Appellee, given their clear relevance to the issues he plans to present on appeal, and where Appellee failed to meet the deadline set forth in the Federal Rules of Appellate Procedure for making the aforementioned motion to the Court.